FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 15 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CHARMANE SMITH,

                Plaintiff,

      -against-

QOSMEDIX,

                Defendant.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-2608 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

The *pro se* plaintiff, a resident of Tennessee, brings this action against Qosmedix, incorporated in Delaware, alleging claims under "16 C.F.R., Part 435" and the Uniform Commercial Code. (ECF No. 1.) The plaintiff also filed a "motion for summary judgment." (ECF No. 3.) The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2) is granted solely for the purposes of this order. The plaintiff's complaint is dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii), and the plaintiff's motion for summary judgment is denied as moot.

## BACKGROUND

The plaintiff asserts that defendant Qosmedix has not "fulfilled" her "attempt[s] to place orders." (ECF No. 1 at 1.) She brings a "truth in advertising claim" under "16 C.F.R., Part 435," and breaches of §§ 2-609, 2-713, & 2-715 of the U.C.C. (*Id.* at 2.) The plaintiff seeks $1 million in damages. (*Id.* at 2.)

## STANDARD OF REVIEW

At the pleadings stage, a court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)). Because the plaintiff is

1

proceeding *pro se*, I read her complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a complaint must plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action "is frivolous when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks and citation omitted).

## DISCUSSION

The complaint does not state a plausible claim under any standard. *See Twombly*, 550 U.S. at 555–57. The plaintiff alleges in a single sentence that she "attempt[ed] to place orders," which were not "fulfilled." (ECF No. 1 at 1.) In a section entitled "Claims," the plaintiff cites a section of the Code of Federal Regulations and three sections of the Uniform Commercial Code;

the last entry in this section is simply "Strict Liability." (*Id.* at 2.) These assertions are insufficient to state a claim, so the complaint is dismissed. 28 U.S.C. § 1915(e)(2)(B).

While *pro se* plaintiffs are ordinarily granted leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), leave to amend "may properly be denied if the amendment would be futile," *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). Nothing in the plaintiff's complaint suggests a valid claim. In addition, there are no facts to show that any event giving rise to the purported claims occurred in this district.

The plaintiff has filed over 200 cases in federal district and appellate courts.[1] She has also filed another equally frivolous case in this Court—*Smith v. Ingenico Group*, No. 19-CV-2607 (E.D.N.Y. May 1, 2019)—and is the subject of filing injunctions in the following courts:

- *Smith v. United States*, No. 01-CV-450-Y (N.D. Tex. May 30, 2001) (enjoining the plaintiff from filing cases in the Northern District of Texas without prior judicial permission);

- *Smith v. Dell, Inc.*, No. 06-2496-B/V, 2007 WL 3232037 (W.D. Tenn. Oct. 31, 2007) (enjoining the plaintiff from filing actions *in forma pauperis*);

- *Smith v. Spitzer*, 531 F. Supp. 2d 360 (N.D.N.Y. 2008) (enjoining the plaintiff from filing actions in the Northern District of New York without obtaining counsel or prior court approval);

- *Smith v. Chase Bank*, No. 11-CV-2270 (S.D.N.Y. Dec. 2, 2016) (enjoining the plaintiff from filing any future *in forma pauperis* action in the Southern District of New York without first obtaining court permission).

This Court will not tolerate frivolous, repetitive, and vexatious litigation. If the plaintiff continues to file actions of this nature, she may be subject to a filing injunction in this Court.

---

[1] *See* Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. https://pcl.uscourts.gov (last visited May 8, 2019).

*Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 538 (2d Cir. 2005) (per curiam).

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and her motion for summary judgment is denied as moot. I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this action.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
　　　　May 15, 2019